## LONG v. HERNDON.
### No. 10839.

Circuit Court of Appeals, Eighth Circuit.
May 29, 1937.

W. R. Roddy, of Little Rock, Ark., for appellant.

Jack Holt, Atty. Gen., and John P. Streepey, Asst. Atty. Gen., for appellee.

Before GARDNER, WOODROUGH, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This action was commenced in the federal court on the ground of diversity of citizenship to recover possession of a rare collection of newspaper files covering the years 1832 to 1888. The files are in the possession of defendant-appellee, Dallas T. Herndon, as secretary of the Arkansas History Commission.

The facts are briefly as follows: About 1832, Col. Alf Whittington started a collection of newspaper files and continued said collection until his death. Leverette Whittington, his only son, inherited said collection. The collection was continued by Leverette Whittington until his death, which occurred in 1913. Upon his death, title to the collection passed by will to his son and daughter, Hiram A. Whittington and Emaline Whittington Wootton.

In 1916 Hiram A. Whittington planned to move to New Mexico and discussed with his sister, Emaline, leaving the newspapers with the Arkansas History Commission.

At the instigation of Judge McCulloch, who was chairman of the Arkansas History Commission, the defendant Herndon went to see Hiram A. Whittington, and as a result of their conversation, the files were sent to the Arkansas History Commission in 1916, where they have remained since that time.

Hiram Whittington and Judge McCulloch are both deceased, and the defendant Herndon is the only person now living who knows the substance of the conversation which took place between Herndon and Whittington.

The plaintiff in this action, Caroline Westcott Long, is the widow of Hiram Whittington, and is the owner of his one-half interest in the files. She has also purchased the other one-half interest which belonged to Mrs. Emaline Whittington Wootton for $1,000.

Evidence was introduced to show that the files were of the value of more than $3,000.

Testimony for plaintiff-appellant was to the effect that the placing of the files with the commission was a loan, to be determined at the will of the owners.

Testimony for defendant-appellee was to the effect that the files were placed with the commission for use and preservation so long as the state should maintain a proper agency such as the Arkansas History Commission, which is still in existence.

Mrs. Emaline Whittington Wootton testified that there was never any division of the personal property of her father's estate, and the newspaper files were never divided; that she and her brother, Hiram Whittington, decided to lend the files to the Arkansas History Commission until such time as they wanted them; that she at all times believed that she could recover the files any time she desired to do so, and did not authorize her brother to do anything other than lend the papers to the commission.

The testimony of Herndon was to the following effect: That the agreement between him and Hiram Whittington in regard to the files was oral; that Mr. Whittington said that "the Arkansas History Commission was at that time only three or four years old and he said that he preferred not to donate the files to the State because in that case if the Commission should be abolished at some future time the files might be left at to be destroyed and that he, had a sentimental attachment to them because they had been his father's and grandfather's and he wanted to see them preserved and he did not want to see them lost, so that if the State failed to do its duty in the protection and proper care of them that he wanted to be able to step in and see that they were not lost."

Mr. Herndon's testimony then continued, in answer to the following questions:

"Q. Did he indicate to you that he was retaining any control or dominion over them at all? A. None whatever and I never from that time until his death, ten years later, he never, we never had any correspondence about it, no word was passed between us about it. * * *

"Q. Now, you said that Mr. Whittington said that he did not want to donate them to the State. He said that, didn't he? A. Yes, sir.

"Q. In the stub you say that he has donated it? A. Yes, sir.

"Q. That is your own interpretation? You said he in fact said he did not want to donate it? A. I have said that he made it

very plain that he wanted the files in the permanent custody of the State.

"Q. Yet he said he did not want to give away his interest in the files. A. He said he wanted to be able to protect the files in case the State did not provide for their proper preservation."

The stub or notation referred to, made in defendant's receipt book, read as follows:

"Dedicated by the owner the use of the property to the State of Arkansas for or during the life of the Commission as a memorial to Major Hiram A. Whittington and Colonel Levi Whittington, D. T. H."

On April 8, 1916, after defendant's visit to Hiram Whittington, Herndon wrote a letter to Judge McCulloch in regard to the files in which he stated:

"I found Mr. Whittington very agreeable and apparently taking much pride and pleasure in the privilege, as he seemed to regard it of making so valuable a contribution to a worthy public cause. He said that while title to the papers had come to him, he nevertheless felt that the public ought to have the use of them and that he was glad to place them where such use could be made of them."

Dr. Wootton, who acted as the agent for plaintiff, testified that he made a demand on defendant for the files in the latter part of 1933. He further testified:

"At that time Mr. Herndon stated that he thought the State had a paramount right to the papers but that he did realize that Emaline Whittington Wootton and Caroline Westcott Long had the ownership and that they should be remunerated, and he asked Doctor Wootton to defer any action to gain the papers until he had time to see friends who might buy them, and proposed to get a bill through the Legislature for the State to purchase the papers. Following Mr. Herndon's failure to do anything at all about the purchase of the files, Doctor Wootton made another attempt to gain the papers and met with the Arkansas History Commission and the Governor, and the Governor at the time said that Emaline Whittington Wootton and Caroline Westcott Long had absolute right to the papers and that the State had no right to hold them and he also requested that they take no further action until the Legislature met. At that time an appropriation was put in the bill, but it was cut out by the Committee and nothing was ever done."

On January 17, 1934, Herndon wrote a letter to Dr. Wootton in which he said:

"In our efforts to collect and preserve sources of historical information, it has been the policy always to secure where possible, donations of private collections, particularly, of newspaper files. Where the owner was unwilling to donate, or to sell, we have accepted such things as permanent loans.

"In my talk with Mr. Whittington, he said that for reasons of sentiment he preferred not to sell, or to donate, the files outright to the State. He assured me, however, that, in putting them in the custody of the Commission he had no thought that they would ever be withdrawn. And I do now affirm that it was with that understanding that the Commission accepted the custody of the files as trustee for the State. I reported to the Commission that the files had been accepted and received as a permanent, or indefinite, loan and my report was sealed by the unanimous approval of the Commission. The agreement then and thus made was in effect a contract, in perpetuity. * * *

"If the Whittington heirs still have any vested interest in these files, which is not here denied or affirmed, that interest, or right, is not a bar to rights of property which the public, or the State, has vested in them. As already stated, Mr. Whittington, when he turned the files over to the Commission, admitted the existence of the public's right. In the years since the files came into the custody of the Commission, the state has invested considerable money for research into these and other files, and in the preparation of indices to the information of an historical nature which they contain. Under all the circumstances, it is my contention that the rights of the state are paramount in the case. * * *

"In my conversation with Mr. Whittington, he made it plain enough what the reason was of his insistence that the gift of the files to the state be not called a 'donation'. He wanted to make sure that the files be preserved as a birthright of himself and of his native state. And if by any chance, as he then thought possible, the History Commission should ever pass out of existence, he wanted that there be no doubt of his right to rescue the files from obscurity, or destruction."

The case was tried to the court, a jury having been duly waived. The court held

in favor of the defendant, finding, among other things: "That plaintiff is not entitled to the possession of the newspaper files described in the complaint."

We think it appears from the testimony that there was a gift of possession, but that it was upon condition subsequent, to wit, that the Arkansas History Commission should become unwilling or incapable of holding the property for the benefit of the public. No such contingency has happened.

We, therefore, affirm the judgment of the court below on the sole ground that there was a gift of possession of the newspapers by Hiram A. Whittington to the Arkansas History Commission, but that it was on condition subsequent, and that the condition subsequent has not been broken.

If, in so doing, he converted any property right of his sister, Emaline Whittington Wootton, the remedy has long since been barred by the statute of limitations.

The judgment is affirmed.